By the Court,

Nelson, Ch. J.
The 112 § (1 R. S. 555), provides, that certain descriptions of lumber, including boards, shall not be exported by sea from this state to any port out of the United States, unless the same has been duly inspected by an inspector of lumber, according to the provisions of the article, of which this section is a part. The 113th, 114th and 115th sections, prescribe the manner of inspection, and of measuring the lumber; and the 116th section, inflicts a penalty upon any person who shall, contrary to the provisions of the statute, ship for exportation to a foreign port, any lumber not regularly inspected, of $1'50, for every thousand feet, superficial measure;—and the 117th section inflicts the penalty of $2, for a like *186 shipment of cypress shingles, without inspection, and not of a given length, breadth and thickness. The 118th section, then provides, that “ every person not appointed, and authorized as an inspector, who shall measure or inspect any Lumber or cypress shingles, in any place for which an inspector is appointed, shall forfeit to the inspectors of lumber in such place, the sum of $10, for every such offence.” Now, as I understand the foregoing provisions, no inspection or measurement of lumber is required by any official inspector, except for the purpose of shipment to a foreign port—none other is provided for, or enjoined;—and if so, the prohibition in the 118th section, should be constructed as applicable solely to the inspection and measurement, for the purpose of such shipment. Though the language is general, the several sections, when taken together, sufficiently explain the meaning of the 118th section, and show, that it was intended to refer to the cases of inspection which had before been prescribed and regulated. Any other view, would lead to the absurdity of forbidding the measurement of lumber by private persons, where an inspection by a public officer is not required, the only imaginable purpose of which, would be to put fees in the pockets of the latter. According to the construction given to the section by the court below, there could be no sale or measurement of lumber or cypress shingles in the state, however trifling in amount, at a place for which an inspector was appointed, without his service. The express limitation of an official inspection to lumber and cypress shingles, when shipped for the purpose of exportation to a foreign port, by reasonable implication, excludes any necessity for it in all other cases. The limitation would have been idle, if an inspection was intended to be enjoined in every case of sale, whether with a view to the home or foreign market. The legislature have not undertaken to regulate the sales of lumber in this state, or shipments for ports within the United States. Inspection is enjoined only in cases of exportation by sea from, this state to any port out of the United States. They have made a distinction in several instances in this respect, between the foreign [329] and home market. “ No flour shall be exported from the state,” &c., without inspection according to the statute, omitting the qualification in the case of lumber, “ to any port out of the territorial limits of" the United States” (1 R. S. 536, §1); so, in respect to beef and poi;k, p. 541, §31; and pot and pearl ashes, page 546, §6,1. “ Liver oil ” shall not be bought, sold or bartered in, or in any manner shipped, exported, &c., from the cities of New York, Albany, &c., unless inspected, &c. (page 554, § 105). “ Staves or heading,” like lumber, need not be inspected, except for exportation to a foreign market, page" 559, § 128. So in respect to “ flax seed,” from the city of New York, page 562. There being no proof in this case, that the lumber was measured for the purpose of shipment to a foreign port, I am of opinion the judgment before the justices was erroneous, and should have been reversed. ' " Judgment of mayor’s court reversed.